UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CALVIN GEORGE,<br><br>           Petitioner,<br><br>    v.<br><br>A. P. KANE, Warden,<br><br>           Respondent. | 1:06-CV-01237 AWI LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS [Doc. #7] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on August 9, 1995, of one count of selling cocaine in violation of Cal. Health & Safety Code § 11352(a). See Lodged Doc. No. 1. Allegations that Petitioner had suffered two prior robbery convictions were found to be true. Id. Petitioner was sentenced to serve an indeterminate term of 25

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's opposition to Respondent's motion to dismiss.

years to life in state prison with the possibility of parole. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "5th DCA"). On April 8, 1997, the 5th DCA affirmed the judgment. See Lodged Doc. No. 2. Petitioner then filed a petition for review in the California Supreme Court. See Lodged Doc. No. 3. On June 18, 1997, the petition was denied. See Lodged Doc. No. 4.

On October 17, 1997, Petitioner was resentenced.

Petitioner filed six post-conviction challenges with respect to the pertinent judgment in the state courts, as follows:

1. Petition for writ of habeas corpus in the Kern County Superior Court;
   Filed: November 4, 1998; Denied: November 25, 1998;
2. Petition for writ of habeas corpus in the 5th DCA;
   Filed: February 4, 1999; Denied April 8, 1999;
3. Petition for writ of habeas corpus in the California Supreme Court;
   Filed: May 3, 1999; Denied: August 25, 1999;
4. Petition for writ of habeas corpus in the Kern County Superior Court;
   Filed: March 17, 2005; Denied: March 25, 2005;
5. Petition for writ of habeas corpus in the 5th DCA;
   Filed: April 13, 2005; Denied: April 21, 2005;
6. Petition for writ of habeas corpus in the California Supreme Court;
   Filed: May 6, 2005; Denied: March 29, 2006.

See Lodged Docs. Nos. 5-16.

Petitioner has also filed two federal petitions for writ of habeas corpus in this Court. On March 13, 1998, Petitioner filed a petition in case no. 1:98-CV-05250 OWW DLB HC. The petition was dismissed without prejudice at Petitioner's request so he could return to the state courts to exhaust his state remedies. On October 4, 1999, Petitioner filed a petition in case no. 1:99-CV-06446 JKS HC.  On February 25, 2004, following remand from the Ninth Circuit Court of Appeals, the petition was dismissed with prejudice on the merits.

On September 11, 2006, Petitioner filed the instant petition for writ of habeas corpus in this

1  Court. On December 18, 2006, Respondent filed a motion to dismiss the petition as successive and
2  for violating the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  On January 3,
3  2007, Petitioner filed an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period and for being successive.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on September 11, 2006, and therefore, it is subject to the

1 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
2 seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,
3 § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, Petitioner was resentenced on October 17, 1997.  Thus, direct review concluded on December 16, 1997, when the sixty (60) day period for filing an appeal to the 5th DCA expired. Rule 31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). The one year limitations period commenced the following day and Petitioner had one year until December 16, 1998, in which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). However, Petitioner delayed filing the instant petition until September 11, 2006, almost eight years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir.2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir.2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal.2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

As stated above, the statute of limitations began to run on December 17, 1997. Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court on November 4, 1998. At that point, 322 days of the limitations period had expired. The limitations period then tolled for Petitioner's first round of collateral review until September 24, 1999, which was thirty (30) days after the California Supreme Court denied the petition. Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir.2001). The limitations period recommenced and expired 43 days later on November 7, 1999.

Although Petitioner filed three more post-conviction collateral challenges with respect to the pertinent judgment or claim in the state courts, those petitions did not operate to toll the statute of limitations.  The first collateral challenge was filed on March 17, 2005, over five years after the limitations period expired.  Because the limitations period had already expired, the collateral challenges had no tolling consequences.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Therefore, the petition is untimely.

D.  Successive Petition

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

1  GRANTED and the habeas corpus petition be DISMISSED with prejudice as successive and for
2  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.
3      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
4  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
5  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
6  California.
7      Within thirty (30) days after being served with a copy of this Findings and Recommendation,
8  any party may file written objections with the Court and serve a copy on all parties.  Such a
9  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."
10  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if
11  served by mail) after service of the Objections.  The Finding and Recommendation will then be
12  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
13  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
14  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
15  1991).
16
17      IT IS SO ORDERED.
18      **Dated:   February 13, 2007**                     /s/ **Dennis L. Beck**
   3b142a                                                   UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28